UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                  Case No. 1:18-cr-20316-02

v.                                    Honorable Thomas L. Ludington
                                    United States District Judge

SHELLY RAE DE LA CRUZ,

                                    Honorable Patricia T. Morris
                Defendant.        United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

This matter is before this Court upon Defendant Shelly Rae de la Cruz's Motion for Compassionate Release. ECF No. 116. For the reason stated below, Defendant's Motion will be denied without prejudice.

In May 2018, a grand jury indicted Defendant for one count of conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1). ECF No. 39. In February 2019, Defendant pleaded guilty and was sentenced to 60 months' imprisonment and five years' supervised release. ECF No. 108. In March 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was denied without prejudice for not demonstrating an "extraordinary and compelling" reason for release. *See* ECF Nos. 109; 113.

On September 28, 2021, Defendant filed a second motion for compassionate release, which the Government contests. *See* ECF Nos. 116; 119. Defendant's Motion requests "a reduction in sentence and/or compassionate release, based on Delta Variant Covid-19" and her completion of 25 courses and a GED "while incarcerated." ECF No. 116 at PageID.559–60.

**I.**

A motion for relief under section 3582(c)(1)(A) requires exhaustion. That is, Defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). That first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

## II.

Defendant requested compassionate release from the BOP, which it denied. ECF No. 109 at PageID.456. In her request to the BOP, Defendant cited, *inter alia*, that she "enrolled" in GED courses, but the instant Motion cites that she "completed" her GED. *Compare id.*, *with* ECF No. 116 at PageID.560–61.

The Government argues that this Court is "barred from addressing [Defendant's] argument on the merits," because the instant Motion presents an issue that was not presented to the BOP. ECF No. 117 at PageID.564, 572 (first citing *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020) ("Where the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement . . . ."); and then citing *United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021) (holding that an inmate must raise the same issues in the BOP and federal court to exhaust under section 3582(c)(1)(A))). *Contra United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 n.1 (E.D. Mich. Oct. 5, 2021) ("[A]s a *requirement*, issue exhaustion would be an extratextual judicial fiat."); *United States v. Ferguson*, No. 10-20403, 2021 WL 1685944, at *2 (E.D. Mich. Apr. 29, 2021) ("The Court is persuaded by the reasoning of the courts which have held § 3582(c)(1)(A) does not require issue exhaustion.").

That difference is not fatal to Defendant's Motion. *Curney*, 2021 U.S. Dist. LEXIS 192581, at *4 n.1. But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). The BOP has not yet had the opportunity to consider whether completing a GED justifies releasing Defendant or reducing her sentence. Although this Court may consider arguments not presented to the BOP, Defendant's Motion does not present circumstances exigent enough to remove the BOP from the equation. *See Curney*, 2021 U.S. Dist. LEXIS 192581, at *4. Therefore, Defendant has not satisfied her exhaustion requirement, and her Motion will be denied without prejudice.

## III.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 116, is **DENIED WITHOUT PREJUDICE**.

Dated: October 14, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge